O

# United States District Court
# Central District of California

| | |
|---|---|
| JAMES ALGER,<br><br>                    Plaintiff,<br><br>       v.<br><br>ASHFORD CM PARTNERS LP et al.,<br><br>                    Defendants. | Case № 2:24-cv-06482-ODW (JCx)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [54]; AND DENYING AS MOOT MOTIONS FOR JUDGMENT ON THE PLEADINGS [48, 63]** |

## I.     INTRODUCTION

Plaintiff James Alger moves for leave to file a Second Amended Complaint against Defendants Ashford CM Partners LP and Ashford TRS CM LLC ("Defendants" or "Ashford CM"). (Mot. Leave Am. ("Motion" or "Mot."), ECF No. 54.) Through this amendment, Alger seeks to add factual allegations concerning new access barriers and two new defendants. (*Id.* at 1.) Ashford CM opposes Alger's Motion. (Opp'n, ECF No. 57.) For the reasons discussed below, the Court **GRANTS in part** and **DENIES in part** Alger's Motion. (ECF No. 54.) Consequently, the Court **DENIES AS MOOT** Ashford CM's two Motions for Judgment on the Pleadings. (ECF No. 48; ECF No. 63.)[1]

---

[1] Having carefully considered the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Alger has a physical disability resulting in severe difficulty with walking and fine motor skills. (First Am. Compl. ("FAC") ¶ 6, ECF No. 32.) Ashford CM owns and operates the Hilton Orange County Costa Mesa hotel ("Hilton OC" or "Hotel"). (*Id.* ¶¶ 1, 7.) In January 2024, Alger allegedly encountered multiple barriers while staying at the Hotel which, due to his disability, prevented his full and equal access to the services of Hilton OC. (*Id.* ¶¶ 3, 21.) In subsequent months, Alger stayed at Hilton OC several more times and continued to encounter access barriers. (*Id.* ¶¶ 15–46.) Alger intends to return to the Hotel during his planned future visit to the area. (*Id.* ¶ 50.)

In the operative First Amended Complaint, Alger asserts one claim against Ashford CM for violation of Title III of the Americans with Disabilities Act ("ADA"). (*Id.* ¶¶ 93–104.) He seeks only injunctive relief requiring Ashford CM to remedy the access barriers at the Hotel. (*Id.*, Prayer ¶ 1.) Since Alger filed the First Amended Complaint, he stayed at Hilton OC again and had a Certified Access Specialist ("CASp") inspect the Hotel property. (Decl. Aaron Clefton ISO Mot. ("Clefton Decl.") ¶¶ 12, 16, ECF No. 54-1.) Based on the visit, inspection, and other discovery, Alger seeks to add allegations supporting further access barriers and other defendants. (Mot. 4–5.) Accordingly, Alger filed this Motion seeking leave to file a Second Amended Complaint. (*Id.* at 1.) The Motion is fully briefed. (Opp'n; Reply ISO Mot. ("Reply"), ECF No. 58.)

## III. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts should freely grant leave to amend unless presented with strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to nonmovant, or futility of amendment. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117

(9th Cir. 2013). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The party opposing the amendment bears the burden of showing why leave to amend should be denied. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

## IV. DISCUSSION

Alger seeks to amend the First Amended Complaint to add factual allegations concerning additional access barriers and two new defendants. (Mot. 1.) Although Ashford CM does not address the prejudice factor, they oppose the amendment on the grounds that Alger's amendment is futile, the Motion is made in bad faith, and Alger delayed in seeking leave to amend. (*See generally* Opp'n.)

### A. Prejudice

The first *Foman* factor is prejudice. *Foman,* 371 U.S. at 182. Ashford CM does not address the prejudice factor, and cannot establish that Alger's proposed amendment will cause it prejudice.

Not all *Foman* factors merit equal consideration; "prejudice to the opposing party . . . carries the greatest weight." *Eminence*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187.

Ashford CM fails to address how Alger's proposed amendments would be prejudicial to its case. (*See generally* Opp'n.) Thus, any such arguments are waived. *See Heraldez v. Bayview Loan Servicing, LLC*, No. 5:16-cv-01978-R (DTBx), 2016 WL 10834101, at *2 (C.D. Cal. Dec. 15, 2016) ("Failure to oppose constitutes a waiver or abandonment of the issue."), *aff'd* 719 F. App'x 663 (9th Cir. 2018).

Furthermore, Ashford CM would not be able to show prejudice. Prejudice is shown where leave to amend changes substantive issues or operative facts or will hinder the defendant from mounting an effective defense. *See Hurn v. Ret. Fund Tr.*

*of the Plumbing, Heating & Piping Indus. of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981) (finding, where operative facts remained the same, non-moving party should still be fully prepared to litigate, and therefore suffered no prejudice).  Here, none of the allegations Alger proposes to add change the substantive issues of the case, nor would the additional allegations require Ashford CM to formulate a new defense strategy.  These changes come early in the litigation, at the preliminary stages of discovery.  Ashford CM will have full opportunity to investigate the additional allegations.  Similarly, the addition of new defendants will not prejudice Ashford CM, as they will not "alter[] the nature of the litigation." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  Instead, as Alger seeks to assert the same cause of action and same relief against the proposed new defendants, the amendment would not change Ashford CM's position nor require a new theory of defense.  *Cf. id.* (finding prejudice where the amendment would require defendants to undertake "an entirely new course of defense").

Thus, the prejudice factor weighs in favor of granting leave to amend.

**B.   Futility**

The second *Foman* factor is futility.  *Foman,* 371 U.S. at 182.  Ashford CM argues the proposed amendment is futile because Alger (1) lacks standing to sue for access barriers he did not personally encounter; (2) fails to sufficiently plead the new allegations; and (3) seeks to add defendants who cannot be held liable under the ADA. (Opp'n 5–15.)

"Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal." *Hunter v. U.S. Dep't of Educ.*, 115 F.4th 955, 971 (9th Cir. 2024) (quoting *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018)). "Amendment is futile if the claim sought to be added is not viable on the merits." *Hooper v. Shinn*, 985 F.3d 594, 622 (9th Cir. 2021).

*1. Standing*

First, Ashford CM argues Alger does not have standing to sue for additional access barriers that he did not personally encounter. (Opp'n 7.) Ashford CM posits that, because Alger did not personally encounter each access barrier, Alger did not suffer an injury in fact sufficient to establish standing. (Opp'n 7–13.)

To establish standing, a plaintiff must demonstrate "(i) that []he has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief." *Food & Drug Admin. v. Alliance for Hippocratic Med.*, 602 U.S. 367, 380 (2024). "Once a disabled individual has encountered or become aware of alleged ADA violations that . . . interfere with his access to a place of public accommodation, he has . . . suffered an injury in fact traceable to the defendant's conduct." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1042 n.5 (9th Cir. 2008). Because private plaintiffs are limited to injunctive relief under the ADA, a plaintiff must establish a sufficient future injury by demonstrating injury in fact coupled with an intent to return to a noncompliant facility. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011).

A plaintiff need not personally encounter all access barriers to establish standing. *Civil Rights Educ. & Enf't.Ctr. v. Hospt. Prop. Tr.*, 867 F.3d 1093, 1100 (9th Cir. 2017) ("*CREEC*"). "An ADA plaintiff has standing to sue for all barriers, even ones that surface later during discovery, as long as those barriers relate to the plaintiff's specific disability." *Langer v. Kiser*, 57 F.4th 1085, 1094 (9th Cir. 2023) (citing *Chapman* and *Doran*).

Alger sufficiently establishes standing to sue for all barriers related to his disability, regardless of whether he personally encountered them. In his First Amended Complaint, Alger describes the access barriers he encountered while staying at Hilton OC. (FAC ¶¶ 10–92.) He explains how the barriers interfered with his full and equal enjoyment of the Hotel, sufficiently establishing an injury in fact. (*Id.*)

Alger alleges he intends to return to the Hotel in January 2028, sufficiently establishing a future injury. (*Id.* ¶ 50.) Since he establishes injury in fact and an intent to return, Alger may to sue for all barriers present that relate to his specific disability, even those discovered during inspections subsequent to initiating litigation. *See Doran*, 524 F.3d at 1043–44 (finding a plaintiff may conduct discovery and add newly discovered barriers affecting his disability to the complaint, creating the factual basis for a "single legal injury"). In the Proposed Second Amended Complaint, Alger seeks to add newly discovered barriers. (Clefton Decl. Ex. 1 ("Proposed Second Am. Compl." or "PSAC") ¶ 56, ECF No. 54-2.) As with the barriers in the First Amended Complaint, Alger describes how each newly identified barrier relates to his disability. (*Id.*) These proposed amendments merely add to the factual basis for his asserted single legal injury.

Therefore, Alger sufficiently establishes standing to sue for all access barriers under the ADA, even those barriers discovered after he filed the operative complaint. Accordingly, amendment to add the proposed factual allegations is not futile.[2]

*2.     Sufficiency of Proposed New Allegations*

Next, Ashford CM argues that Alger does not sufficiently plead the new access barriers because Alger fails to plausibly explain how the alleged conditions personally affect him. (Opp'n 8.) Ashford CM argues Alger shows only a "theoretical connection" between some of the access barriers and his disability. (*Id.* at 9.)

To state a claim, a plaintiff must include allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In particular, a plaintiff asserting

---

[2] Ashford CM also argues the newly identified access barriers arise exclusively from Alger "targeting rather than patronizing" the Hotel. (Opp'n 5.) However, motive is irrelevant to ADA standing. *CREEC*, 867 F.3d at 1102. Therefore, Ashford CM's numerous arguments questioning Alger's motivation in returning to the Hotel are irrelevant. (*See generally* Opp'n.)

1  a violation of the ADA based on access barriers must include allegations with
2  sufficient factual detail to put a defendant on notice of how the barriers will prevent
3  the plaintiff from full and equal enjoyment of the premises. *Whitaker v. Tesla Motors,*
4  *Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021) (discussing the factual detail required to
5  properly plead an ADA claim under *Iqbal* and *Twombly*'s plausible pleading
6  standard).

7        For example, in *Whitaker*, the plaintiff alleged the defendant failed to provide
8  accessible service counters. *Id.* The court found that the plaintiff's allegations did not
9  contain sufficient factual detail put the defendant on notice of how the counters
10 prevented plaintiff from full and equal access. *Id.* Specifically, the court noted that
11 the plaintiff did not "answer basic questions" as to what made the counters
12 inaccessible to the plaintiff, for example, if the counters were too low or too high. *Id.*

13       In contrast, Alger's proposed factual allegations answer the basic questions
14 necessary to put Ashford CM on notice of how the barriers prevent Alger from full
15 and equal enjoyment of the premises. For example, Alger alleges the "counter is not
16 accessible because it is higher than 34" max above finished floor. This barrier is
17 related to Plaintiff's disability because he has a limited reach range." (PSAC
18 ¶ 56.1.A.1.). Thus, Alger adequately explains how the newly identified conditions
19 affect his full and equal enjoyment because of his disability, meaning he plausibly and
20 sufficiently pleads the newly identified access barriers. At this stage, the Court
21 accepts Alger's well-pleaded allegations as true and declines to granularly examine
22 each asserted barrier. On the whole, the Court finds that the allegations are
23 sufficiently connected to Alger's disability and the proposed amendment will not be
24 futile.

25       As Ashford CM fails to demonstrate that permitting Alger to add factual
26 allegations of newly identified access barrier is futile, the futility factors weighs in
27 favor of granting leave to amend as to the allegations.
28

### 3. Additional Defendants

Finally, Alger seeks to add two new defendants, Hilton Worldwide Holdings, Inc. ("HWH") and Remington Lodging & Hospitality, LLC ("Remington"), claiming they are both responsible for the hotel and qualify as operators of Hilton OC under the ADA. (Mot. 5–6.) Ashford CM argues that it is futile to add HWH and Remington as defendants because (i) HWH is not a responsible party pursuant to the ADA and (ii) Remington is not an owner or operator of the Hotel. (Opp'n 4–5.)

Under the ADA, "no individual shall be discriminated against on the basis of disability . . . by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To qualify as an "operator" under the statute, an entity must "exercise sufficient control" over a facility's configuration with regard to accessibility. *See Disabled Rts. Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 878 (9th Cir. 2004) (agreeing with other Circuit courts defining "operator" under the ADA as an entity that controls the modification of facilities to improve accessibility or has the power to make such accommodations). As Alger only argues the proposed defendants are operators, the Court does not consider whether they may be owners or lessors. (*See generally* Mot.)

HWH: Alger argues HWH is an operator and exercises control over accessibility at its franchise, Hilton OC. (Mot. 5.) Alger asserts that HWH is a successor-in-interest of Hilton Worldwide, Inc. ("HWI"). (Clefton Decl. ¶ 21.) Alger submits a consent decree issued in 2010 naming HWI responsible for ensuring that all Hilton Brand Hotels, including franchises, comply with the ADA. (Clefton Decl. Ex. 4 ("Consent Decree"), ECF No. 54-5.) The consent decree expired in 2014 by its own terms. (Consent Decree ¶ 38.) Alger argues that, by naming HWI responsible for ensuring ADA compliance, the consent decree now holds HWI's successor, HWH, similarly responsible for the accessibility of Hilton OC. (Mot. 5.)

Alger fails to show how an expired decree amounts to evidence of HWH's current operator status. Even if the consent decree remained effective, it names Hilton

1  Worldwide, Inc. (HWI) as the responsible entity, while Alger seeks to add a different
2  entity, Hilton Worldwide Holdings, Inc. (HWH), as a defendant-operator. (Mot. 1.)
3  And although Alger contends that HWH is a successor-in-interest to HWI, the case he
4  cites for support explicitly establishes HWH as a *stockholder*, not an entity assuming
5  the obligations of HWI. (Mot. 5 (*citing Wooten v. Park Hotels & Resorts Inc.*,
6  No. 2:18-cv-2242-MSN-CGC, 2019 WL 13298906, at *4 (W.D. Tenn. Oct. 16, 2019)
7  (finding, despite HWI's spin-off and subsequent share distribution to HWH, the
8  resulting change in ownership did not "affect the rights or obligations of [d]efendant,
9  which, as a corporation, is a legal entity that is separate and distinct from its
10 owners")).) It is therefore unclear how HWH, as a stockholder of HWI, has sufficient
11 control today of the configuration and accessibility of HWI's franchises, such as
12 Hilton OC. Thus, Alger fails to establish that HWH is an operator of Hilton OC under
13 the ADA. As such, permitting amendment to add HWH would be futile.

14 <u>Remington</u>: Alger argues Remington is an operator of Hilton OC because
15 Remington sent a representative to the CASp inspection, which, according to Alger,
16 makes Remington "responsible for the day-to-day management" of Hilton OC.
17 (Mot 15; Clefton Decl. ¶ 22.) In support, Alger submits a screenshot of Remington's
18 website, showing Hilton OC listed under its "portfolio" section. (Clefton Decl. Ex. 7
19 ("Screenshot"), ECF No. 54-8.) However, neither a representative's presence at the
20 CASp inspection nor Remington's inclusion of Hilton OC on its website portfolio
21 establishes that Remington is responsible for the day-to-day management of the Hotel.
22 Even assuming Remington's inclusion of Hilton OC on its website does demonstrate
23 its responsibility for the Hotel's day-to-day management, day-to-day management is
24 not the same as exercising sufficient control over a facility's configuration with regard
25 to accessibility. Alger does not show how Remington's presence at the inspection or
26 alleged day-to-day management of the Hotel establishes they have the power to
27 control modifications to the property. Thus, Alger fails to establish Remington is an
28 operator of Hilton OC and permitting amendment to add Remington would be futile.

As Alger fails to show that HWH or Remington are operators of Hilton OC under the ADA, amendment to add these new defendants is futile. Thus, the futility factor weighs against granting leave to amend as to the defendants.

**C.    Bad Faith**

The third *Foman* factor is bad faith. *Foman,* 371 U.S. at 182. Ashford CM argues that Alger seeks to amend in bad faith because Alger is attempting to "sandbag[]" Ashford CM by deliberately withholding claims and adding them later, (Opp'n 15), and that Alger commissioned an inspector to "scour" the property for additional barriers because Alger was "desperate" to avoid a judgment on the pleadings, (*id.* at 7).

Bad faith in filing a motion for leave to amend exists when the addition of new legal theories is baseless or presented for the purpose of prolonging litigation. *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999); *see also DCD Programs*, 833 F.2d at 187 (finding no "wrongful motive" for seeking leave to amend where the suit was in its early stages and appellants offered a satisfactory explanation for their amendment).

Alger has a legitimate motive to incorporate all relevant access barriers he intends to pursue at trial: he is required to do so. For the purposes of Rule 8, Alger must identify all barriers that constitute grounds for his cause of action in the operative pleading or he cannot pursue them as ADA violations. *See Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 (9th Cir. 2011) (finding Rule 8 requires identification of all barriers in the pleading, else defendant is not deemed to have fair notice). Alger explains he is seeking to add new incidents and relevant access barriers to his complaint because of this requirement. (Reply 5.)

The additional allegations, as explained above, are not baseless legal theories but instead add to the factual basis for Alger's asserted legal injury. Furthermore, these additions come early in discovery and are not an attempt to prolong litigation.

Ashford CM is not "sandbagged" and will have sufficient opportunity to investigate the additional allegations proposed in the amendment.

Despite Ashford CM's ad hominem attempts to assassinate Alger's character, Ashford CM fails to offer any basis for the Court to find bad faith. Therefore, the bad faith factor weighs in favor of granting leave to amend.

**D.     Undue Delay**

The final *Foman* factor is undue delay. *Foman,* 371 U.S. at 182. Ashford CM argues Alger should have known about the newly identified access barriers and defendants at the time he filed his First Amended Complaint. (Opp'n 4–5.) Ashford CM contends that, because Alger must have known these facts in advance, he "deliberately withheld" the allegations and took an "unreasonable amount of time" before seeking leave to amend. (*Id.* at 15–16.)

Delay, by itself, is insufficient to justify denying leave to amend. *DCD Programs*, 833 F.2d at 186. In evaluating undue delay, courts inquire whether the moving party "knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). For instance, in *AmerisourceBergen*, the court found undue delay where the plaintiff knew all the pertinent information fifteen months before seeking to amend to add a new theory of recovery, even though sufficient discovery time remained. *Id.*

In contrast, undue delay is not often found when a plaintiff seeks to add newly discovered information. *See Tounget v. Valley-Wide Recreation & Park Dist.*, No. 5:16-cv-00088-JGB (KKx), 2017 WL 10543297, at *2 (C.D. Cal. Feb 14, 2017); *New Prime, Inc. v. Prime Grp. Holdings LLC*, No. 2:23-CV-00103-DSF (KS), 2024 WL 2106939, at *2–3 (C.D. Cal Apr. 1, 2024). For instance, in *Tounget*, the court found no undue delay where the plaintiff moved to amend to add information from an expert's inspection one year after filing complaint. 2017 WL 10543297, at *2. Similarly, in *New Prime*, the court found no undue delay in a five-month gap

between learning the information and seeking leave to amend, especially because the parties were still in discovery and the new facts were within the scope of current litigation. 2024 WL 2106939, at *2–3.

Contrary to Ashford CM's argument, Alger did not know the additional information when he filed the operative complaint in November 2024. Alger discovered some of the new access barriers that he seeks to add in December 2024 and January 2025, when he stayed at the Hotel. (PSAC ¶¶ 50–53.) His expert discovered the additional access barriers that Alger now seeks to add during the CASp's inspection, in March 2025. (*Id.* ¶ 56.) Like the plaintiff in *Tounget*, Alger is seeking to add newly discovered information within a year of filing his initial complaint. Even faster than the plaintiff in *New Prime*, Alger seeks to file the Proposed Second Amended Complaint less than a month after the CASp inspection. Furthermore, as described above, the proposed new allegations are well within the scope of the current litigation. Therefore, the undue delay factor weighs in favor of granting leave to amend as to the factual allegations.

As to Remington, Alger alleges he learned about its involvement when a representative from Remington attended the March 5, 2025 CASp inspection. (Clefton Decl. ¶ 22.) Ashford CM does not attempt to show how Alger had reason to know of Remington's relationship to or involvement with Hilton OC prior to filing the First Amended Complaint. (*See generally* Opp'n.) Therefore, the undue delay factor weighs in favor of granting leave to amend to add Remington as a defendant.

As to HWH, Ashford CM correctly argues that Alger should have known of HWH's potential control over Hilton OC before filing the First Amended Complaint. (Opp'n 4.) First, Alger should have known of HWH's potential liability because Hilton OC's name implies HWH (*Hilton* Worldwide Holdings) could be responsible for the franchise. (*See id.*) Next, Alger should have known of HWH's potential liability because the expired consent decree is a matter of public record, having been filed or referenced in many federal district court cases. (*See id.*) To the extent Alger

relies on his lack of actual knowledge to defend the omission (he "did not in fact know" of the defendants, (Reply 2)), actual knowledge is not the correct standard. The standard is whether a plaintiff *should* have known the information at the time of the original pleading. *Amerisource*, 465 F.3d at 953. Because it is clear here how Alger should have known of HWH's potential liability before filing the complaint, he unduly delayed in adding this defendant. *Cf. Henderson v. Union Station Housing Srvs.*, No. 2:20-cv-00476-PSG (MRWx), 2020 WL 8413520, at *4 (C.D. Cal Dec. 28, 2020) (finding no undue delay where it was not clear how plaintiffs should have known the identities of new defendants). Therefore, the undue delay factor weighs against granting leave to amend as to HWH.

### E. Conclusion—*Foman* Factors

Upon review of the factors, all four factors weigh in favor of granting leave to amend to add allegations regarding the new incidents and barriers, and Alger may amend the complaint accordingly. However, for the new defendants, Ashford CM's failure to establish prejudice or bad faith cannot outweigh the futility of the proposed amendment. Therefore, Alger may not amend to add HWH or Remington as defendants.

### V. CONCLUSION

For the reasons discussed above, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion to File Second Amended Complaint. (ECF No. 54.) Alger may amend the First Amended Complaint as follows: (1) add the accessibility barriers identified during the March 5, 2025 Rule 34 inspection; (2) add allegations concerning two incidents that occurred after Alger filed the First Amended Complaint; and (3) correct specified clerical errors. Alger may not add HWH or Remington as defendants. **Alger shall file the Proposed Second Amended Complaint, modified in light of the above rulings, within fourteen (14) days of this order** as a separate document pursuant to the Local Rules. C.D. Cal. L.R. 15-1. Ashford CM shall answer or otherwise respond within **fourteen (14) days** of the filing.

In light of the above disposition, the Court **DENIES AS MOOT** Defendants' Motions for Judgment on the Pleadings. (ECF No. 48; ECF No. 63.)

**IT IS SO ORDERED.**

July 17, 2025

                              _____
                              **OTIS D. WRIGHT, II
                              UNITED STATES DISTRICT JUDGE**