O

# United States District Court
# Central District of California

JAMES ALGER,

            Plaintiff,

   v.

ASHFORD CM PARTNERS LP et al.,

            Defendants.

Case № 2:24-cv-06482-ODW (JCx)

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS [69]**

## I.    INTRODUCTION

Plaintiff James Alger brings this action against Defendants Ashford CM Partners LP and Ashford TRS CM LLC (together, "Ashford"), alleging violations of the Americans with Disabilities Act ("ADA").  (Second Am. Compl. ("SAC"), Dkt. No. 68.)  Ashford now moves to dismiss the Second Amended Complaint.  (Mot. Dismiss ("Motion" or "Mot."), Dkt. No. 69.)  For the reasons discussed below, the Court **DENIES** Ashford's Motion and **ORDERS** Ashford's counsel to **SHOW CAUSE** why the Court should not sanction him under Federal Rule of Civil Procedure ("Rule") 11(b)(2).[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND[2]

Alger has a physical disability resulting in severe difficulty with walking and fine motor skills. (SAC ¶ 6.) Ashford owns and operates the Hilton Orange County Costa Mesa hotel ("Hilton OC"). (*Id.* ¶¶ 1, 7.) In January 2024, Alger allegedly encountered multiple barriers while staying at Hilton OC which, due to his disability, prevented his full and equal access to the services of Hilton OC. (*Id.* ¶¶ 21–33.) In subsequent months, Alger stayed at Hilton OC several more times and continued to encounter access barriers. (*Id.* ¶¶ 38–45, 48–49, 50–53.) Alger intends to return to Hilton OC during his planned future visit to the area. (*Id.* ¶ 54.)

On July 31, 2024, Alger brought this action against Ashford for violations of the ADA, California's Unruh Civil Rights Act, and California's Disabled Persons Act ("CDPA"). (Compl. ¶¶ 55–83, Dkt. No. 1.) On October 11, 2024, the Court declined to exercise supplemental jurisdiction over Alger's state law claims. (Min. Order, Dkt. No. 22.) Accordingly, the Court dismissed Alger's state claims without prejudice, leaving only Alger's ADA claim in this federal action. (*Id.*)

On December 11, 2024, Alger brought a separate case against Ashford in the Small Claims Division of the Superior Court of California, County of Orange ("Small Claims Action"). (*See generally* Req. Judicial Notice ISO Mot. Ex. 1 ("Small Claims Complaint"), Dkt. No. 69-2.) Alger asserted violations of the Unruh Act and the CDPA. (*Id.* at 6.[3]) On May 8, 2025, after a one-day trial, a small claims court found against Alger and ruled that Ashford "does not owe James Alger any money on [Alger's] Claim." (Req. Judicial Notice ISO Mot. Ex. 2 ("Small Claims Judgment") 20, Dkt. No. 69-2.) Ashford now moves to dismiss, arguing that the Small Claims Judgment precludes Alger's ADA claim here. (Mot.)

---

[2] Alger's well-pleaded factual allegations are accepted as true for purposes of resolving the Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court also considers materials properly subject to judicial notice, including "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001); Fed. R. Evid. 201.

[3] When citing to the exhibits to the Request for Judicial Notice, including the Small Claims Complaint and the Small Claims Judgment, the Court cites to the CM/ECF pagination.

## III.   LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable theory or insufficient facts pleaded to support an otherwise cognizable theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  To survive a motion to dismiss, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Stated differently, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

Determining whether a complaint states a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Generally, a court limits its review to the pleadings and must construe all factual allegations in the complaint "as true and . . . in the light most favorable" to the plaintiff.  *Lee*, 250 F.3d at 679.  However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV.   DISCUSSION

Ashford argues the Small Claims Judgment forecloses further proceedings in this action.  Ashford seems to offer two theories: (1) res judicata; and (2) the *Rooker-Feldman* doctrine.  (Mot. 5–14.)  Neither argument is persuasive.

### A.   Res Judicata

Ashford's principal argument is that, under the principle of res judicata, the Small Claims Judgment now bars Alger from litigating his ADA claim in this action.  As a California small claims court issued the Small Claims Judgment, the Court looks to California res judicata law.  *White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)).

Under California law, "res judicata" is often used as "an umbrella term encompassing both claim preclusion and issue preclusion." *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 823 (2015).

As a preliminary matter, Ashford merges the two doctrines—claim preclusion and issue preclusion—into a single, undifferentiated argument. (Mot. 7–13.) It is not clear that either applies here. First, courts generally hold that issue preclusion "does not apply to a small claims action." *Sanders v. Walsh*, 219 Cal. App. 4th 855, 865 (2013) (citing *Sanderson v. Niemann*, 17 Cal. 2d 563, 573–75 (1941)). And even the courts holding otherwise and applying issue preclusion to small claims judgments nevertheless require that "the record in the [small claims action] adequately reflects the issues actually litigated and decided in that proceeding." *Pitzen v. Superior Ct.*, 120 Cal. App. 4th 1374, 1384 (2004). Here, the small claims court's conclusory holding—that Ashford "does not owe [Alger] any money on [Alger's] claim—does not satisfy the standard in *Pitzen* because it provides the Court with no detail about what issues the small claims court actually considered. (Small Claims Judgment 20.) Thus, the Court finds that issue preclusion cannot apply and proceeds only on the issue of claim preclusion.

It is "well established that the claim preclusion aspect of the doctrine of res judicata applies to small claims judgments." *Pitzen*, 120 Cal. App. 4th at 1381. Claim preclusion "precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction." *Kopp v. Fair Pol. Pracs. Comm'n*, 11 Cal. 4th 607, 620 (1995) (en banc). As a threshold matter, Alger argues that the small claims court was not a "court of competent jurisdiction," meaning that Ashford's invocation of claim preclusion must fail. (Opp'n 4–6, Dkt. No. 70.) The Court agrees.

Alger's argument raises the "jurisdictional competency exception." *Guerrero v. Dep't of Corr. & Rehab.*, 28 Cal. App. 5th 1091, 1103 (2018). Under the Restatement (Second) of Judgments section 26, which the Supreme Court favorably cited in *Marrese*

*v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 382 (1985), claim preclusion does not apply when the "plaintiff was unable to . . . seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts," and the "plaintiff desires in the second action to . . . seek that remedy or form of relief."

Here, the small claims court was not a "court of competent jurisdiction" for purposes of claim preclusion because it cannot adequately adjudicate an ADA claim. Small claims courts in California are courts of limited jurisdiction and may only grant injunctive or equitable relief "when a statute expressly authorizes a small claims court to award that relief." Cal. Civ. Proc. Code § 116.220(a)(5). In this case, Alger seeks only injunctive relief under the ADA. *See Chapman v. Pier 1 Imps. (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (noting that injunctive relief is "the only relief available to private plaintiffs under the ADA"). However, Ashford does not identify any statutory authorization giving the small claims court authority to grant injunctive relief under the ADA. Thus, had Alger attempted to bring his ADA claim in small claims court, that court would have been jurisdictionally foreclosed from granting Alger the only possible relief available under the ADA. As such, under the jurisdictional competency exception, Alger's inability to bring an ADA claim in small claims court means that the Small Claims Judgment cannot preclude his ADA claim in this action.

Ashford argues that Alger's choice of small claims court means he "voluntarily waived the right to seek injunctive relief." (Reply 2, Dkt. No. 71.) However, the Court finds no support for the proposition that a plaintiff's choice of forum is at all relevant to a claim preclusion analysis. Nor would such an exception square with how courts apply claim preclusion in practice. *See Marrese*, 470 U.S. at 385 (declining to "fashion claim preclusion rules that would require a plaintiff to bring suit initially in the forum of most general jurisdiction, thereby resolving as many issues as possible in one proceeding"). The Restatement's illustration is illuminating: if a party loses a state antitrust action in state court but later brings a federal action upon the same facts,

charging violations of federal antitrust laws of which federal courts have exclusive jurisdiction, that federal action is not barred.  Restatement (Second) of Judgments § 26 cmt. c, illus. 2 (2024).  Ashford's reasoning would require the plaintiff to bring both antitrust claims initially in federal court, which would have been able to concurrently hear the state and federal antitrust claims.  This is not the law.  *Marrese*, 470 U.S. at 385.

Ashford also argues that Alger "quibbles about the availability of injunctive relief in federal court."  (Reply 2.)  Ashford cites two cases, but its reliance on each is misplaced. (Reply 2–3.)  The first, *Henry v. Clifford*, holds that causes of action in two separate cases may be the same for purposes of res judicata even where a plaintiff pleads different forms of remedy.  32 Cal. App. 4th 315, 321 (1995).  However, Ashford conflates the res judicata doctrine's "same cause of action" element, *id.*, with the doctrine's threshold requirement that the preclusive judgment come from a "court of competent jurisdiction," *Kopp*, 11 Cal. 4th at 620.  Courts addressing the former need not consider which form of remedy the plaintiff pleaded, *Henry*, 32 Cal. App. 4th at 321, but courts considering the latter must consider whether the remedy was even available to the plaintiff in the first action's forum, *Guerrero*, 28 Cal. App. 5th at 1103.

Second, Ashford relies on *Guerrero* but egregiously misrepresents that case. (Reply 3.)  Ashford quotes a paragraph from *Guererro* that seems to stand for the proposition that, when a federal court declines to exercise pendent jurisdiction over state claims, the plaintiff is forced to either proceed with the remaining federal claims or dismiss and re-file all claims in state court. (*Id.*)  However, *Guerrero* was itself quoting from *Mattson v. City of Costa Mesa*, 106 Cal. App. 3d 441 (1980), a thirty-five-year-old decision that the *Guerrero* court ultimately declined to follow.  *Guerrero*, 28 Cal. App. 5th at 1107 n.16 (rejecting *Mattson* as outdated in light of case law adopting the more recent, "widely endorsed pronouncement of the law" reflected in the Second Restatement). Moreover, even assuming California courts consistently found *Mattson* persuasive, it still does not address the threshold requirement of jurisdictional competency.

For these reasons, the Court finds that California small claims court lacks competent jurisdiction to hear an ADA claim.  Thus, the Small Claims Judgment has no preclusive effect on the ADA claim in the instant action.

**B.     *Rooker-Feldman* Doctrine**

Ashford also argues that this action represents an improper attempt to appeal the Small Claims Action, as prohibited by the *Rooker-Feldman* doctrine.  (Mot. 13–14.) Under the *Rooker-Feldman* doctrine, a federal district court lacks subject matter jurisdiction to review state court decisions.  *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).  After several courts attempted to expand the doctrine, the Supreme Court held that the doctrine is "confined" to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).   Under this framework, Ashford's argument fails for the simple reason that the small claims court here issued its judgment *after* proceedings commenced here, not before.  *See id.* at 293–94 (finding the *Rooker-Feldman* doctrine does not apply where plaintiff filed suit "well before any judgment in state court").  Thus, the Court finds that the *Rooker-Feldman* doctrine is inapplicable and does not bar this action.

**C.     Order to Show Cause**

Rule 11 provides in relevant part that, by presenting a signed filing to a court, an attorney "certifies" that the filing's "legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Fed. R. Civ. P. 11(b)(2).  When a party or attorney violates Rule 11(b), courts may impose an "appropriate sanction," including a monetary sanction, "after notice and a reasonable opportunity to respond."  Fed. R. Civ. P. 11(c). Sanctions for Rule 11 violations are mandatory.  *Pipe Trades Council of N. Cal. v. Underground Contractors Ass'n of N. Cal.*, 835 F.3d 1275, 1280 (9th Cir. 1987).

In his reply brief, Ashford's counsel cites two paragraphs from *Guerrero*, the latter of which he appears to represent as *Guerrero*'s holding. (Reply 4.) However, as the Court notes above, the paragraph that Ashford's counsel cites was from *Mattson*, a decision the *Guerrero* court stated it disagreed with. *Guerrero*, 28 Cal. App. 5th at 1105–07. The *Guerrero* court took great pains to analyze what it believed to be the *Mattson* court's analytical gaps, finding that the *Mattson* court failed to consider relevant sections of the Restatement (Second) of Judgments. *Id.* at 1107 n.16. The *Guerrero* court also stated that the general claim splitting rule—which Ashford's counsel relies on—"dovetails with the jurisdictional competency exception" and "limits the preclusive effect" of judgments where, as in *Guerrero*, the first court dismissed claims because it found it could not hear them. *Id.* (finding that plaintiff's claims, initially brought in federal court, had no preclusive effect because the first court dismissed "on Eleventh Amendment grounds, which was not a discretionary disposition").

As the *Guerrero* court clearly states that it does not agree with the *Mattson* court's analysis, Ashford's counsel's attempt to pass off a passage from *Mattson* as *Guerrero*'s holding is arguably frivolous. Therefore, the Court **ORDERS** Ashford's counsel to **SHOW CAUSE** why the Court should not sanction him for misrepresenting the holding in *Guerrero* to this Court. *See* Fed. R. Civ. P. 11(b)(2).

## V.    CONCLUSION

For the reasons discussed above, the Court **DENIES** Ashford's Motion.  (Dkt. No. 69.)  Ashford's counsel is also **ORDERED** to **SHOW CAUSE**, in writing, no later than **FEBRUARY 6, 2026**, why the Court should not sanction him for misrepresenting authority to this Court.

**IT IS SO ORDERED.**

January 26, 2026

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**